RECEIPT # 56464
AMOUNT $ 150
SUMMONS ISSUED 2
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 6-9-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -9 P 12: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

CENTENNIAL INSURANCE COMPANY,
   Petitioner,

v.

EAST ATLANTIC CONSTRUCTION, INC., AND STERLING EQUIPMENT, INC.,
   Respondents.

Civil Action No.

04-11272 NG

MAGISTRATE JUDGE Alexander

## CENTENNIAL'S PETITION FOR DECLARATORY JUDGMENT

NOW COMES the Petitioner, Centennial Insurance Company (hereinafter referred to as "Centennial"), in the above entitled action, by and through its undersigned attorneys, Holbrook & Murphy, and respectfully petitions this Honorable Court as follows:

FIRST

  The Petitioner, Centennial, at all material times herein, was, and now is a corporation duly organized and maintaining a place of business in Madison, New Jersey.

SECOND

  The Respondent, East Atlantic Construction, Inc., is a New Jersey corporation that agreed in the applicable charter parties that there would be jurisdiction in the Commonwealth of Massachusetts before the American Arbitration Association in the event of a dispute.

THIRD

  The Respondent, Sterling Equipment, Inc., is a Massachusetts corporation with a principal place of business in Boston, Massachusetts.

FOURTH

This is an action for a declaratory judgment in accordance with Title 28 U.S.C. §§2201-2202 to determine, *inter alia*, whether the alleged damage to the barges falls within the coverage of the above policy. This is a case of actual controversy in that there is a claim against the said policy.

FIFTH

Jurisdiction for this action on a contract of marine insurance lies within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

SIXTH

Sterling, a loss payee under the policy issued by Centennial has made claim for the alleged damage from Centennial and has inquired as to whether Centennial will defend East Atlantic in the case captioned, *Sterling Equipment, Inc. v. East Atlantic Construction, Inc.*, Civil Action No. 02-11793-NG.

SEVENTH

Some of the alleged damage occurred while the policy was in effect, but not due to covered perils. Some of the alleged damage occurred beyond the policy period, in other words, after the policy was canceled. Further, the present action is not concerning damage or injury to third parties, but to the barges themselves.

WHEREFORE, the Petitioner, Centennial Insurance Company, prays:

1.  That process in due form of law according to the practice of this Honorable Court in admiralty and maritime jurisdiction, may issue against the respondents citing them to appear and answer on oath all and singular the matters aforesaid; and

2.  That this Honorable Court enter a declaratory judgment declaring the following:

    a.  Centennial owes no duty to defend East Atlantic in the case captioned, *Sterling Equipment, Inc. v. East Atlantic Construction, Inc.*, Civil Action No. 02-11793-NG.

    b.  Some or all of the alleged damages did not occur as a result of a covered peril(s).

    c.  Some or all of the alleged damage did not occur within the time period the policy was in effect.

    d.  Sterling has no cause of action as a loss payee against Centennial.

    e.  Centennial is not responsible to the respondents on such policy reasons that will come to light during discovery and/or trial.

3.  That the petitioner, Centennial, have such other and further relief as may be deemed just and proper to the Court in these premises.

CENTENNIAL INSURANCE COMPANY
By its attorneys,

*Seth S. Holbrook*

Seth S. Holbrook, BBO # 237850
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA 02110
617-428-1151

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Centennial Insurance v. East Atlantic_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II. 195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ✓ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V. 150, 152, 153.

   *04-11272 NG* (stamp)

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   _Sterling Equipment v. East Atlantic - 02-11793 NG_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   _see #3_

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? _No_
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? _No_

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES _n/a_ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES _n/a_

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES _n/a_ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _n/a_

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _Eastern_

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _____ _n/a_ OR WESTERN SECTION _____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Seth S. Holbrook_
ADDRESS _Holbrook + Murphy, 150 Federal St., Boston, MA 02110_
TELEPHONE NO. _617-428-1151_

(Category.frm - 09/92)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Centennial Insurance Company

## DEFENDANTS
East Atlantic Construction Inc., Sterling Equipment, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: New Jersey
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: New Jersey
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**04-11272-NG**

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Seth S. Holbrook
Holbrook + Murphy
150 Federal St.
Boston, MA 02110
617-428-1151

ATTORNEYS (IF KNOWN)
(for Sterling) Norman Peloquin
460 County St.
New Bedford, MA 02740

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

## IV. CAUSE OF ACTION
28 U.S.C. 2201 - Declaratory Judgment Action to determine marine insurance coverage.

## V. NATURE OF SUIT
[X] 120 Marine

## VI. ORIGIN
[X] 1 Original Proceeding

## VII. REQUESTED IN COMPLAINT:
DEMAND $ n/a
JURY DEMAND: [X] NO

## VIII. RELATED CASE(S) IF ANY:
Sterling Equip v. East Atlantic
02-11793 NG
JUDGE Nancy Gertner
DOCKET NUMBER 02-11793

DATE: 6-9-04
SIGNATURE OF ATTORNEY OF RECORD: Seth S. Holbrook

UNITED STATES DISTRICT COURT