UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------x
                                                       :
CENTENNIAL INSURANCE COMPANY,                          :
         Plaintiff/Petitioner,                         :
                                                       :
vs.                                                    :    CIVIL ACTION NO. 04-11272 NG
                                                       :
EAST ATLANTIC CONSTRUCTION,                            :
INC. and STERLING EQUIPMENT, INC.,                     :
         Defendants/Respondents.                       :
                                                       :
-------------------------------------------------------x
```

**STERLING EQUIPMENT INC.'S RESPONSE TO THE PETITION FOR
DECLARATORY JUDGMENT AND COUNTERCLAIM**

NOW COMES respondent, Sterling Equipment Inc., (hereinafter referred to as "SEI"), in the above-captioned action, and by and through its attorneys, responds to the petition of Centennial Insurance Company (hereinafter referred to as "Petitioner") as follows:

1. SEI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the First Paragraph of the Petition, and therefore calls upon Petitioner to prove same.

2. SEI is without knowledge or information sufficient to form a belief as to the truth of the allegation that respondent, East Atlantic Construction, Inc. (hereinafter referred to as "East Atlantic"), is a New Jersey corporation, and therefore calls upon Petitioner to prove same. SEI admits the allegations that the applicable charter parties between SEI and East Atlantic contain the said choice-of-law and forum provisions.

3. SEI admits the allegations contained in the Third Paragraph of the Petition.

4. No response is required of SEI to the relief requested in the Fourth Paragraph of the Petition.

5. No response is required of SEI to the jurisdictional statement contained in the Fifth Paragraph of the Petition.

6. SEI admits the allegations contained in the Sixth Paragraph of the Petition.

7. SEI denies the allegations contained in the Seventh Paragraph of the Petition.

Affirmative Defenses

SEI incorporates the following affirmative defenses into each and every paragraph contained in this Response to the Petition for Declaratory Judgment:

AND IN FURTHER ANSWERING, AS A COMPLETE AND SEPARATE DEFENSE, SEI says that Petitioner, by the acts and conduct of its agents and representatives, is estopped to assert that the underlying policy of insurance does not provide coverage to a valid claim presented by this respondent, as loss payee and third-party beneficiary to the underlying contract of marine insurance;

AND IN FURTHER ANSWERING, AS A COMPLETE AND SEPARATE DEFENSE, SEI says that Petitioner, by the acts and conduct of its agents and representatives, has waived its right to assert that the underlying policy of insurance does not provide coverage to a claim presented by this respondent, as loss payee and third-party beneficiary to the underlying contract of marine insurance;

AND IN FURTHER ANSWERING, AS A COMPLETE AND SEPARATE DEFENSE, SEI says that the underlying policy of marine insurance is severable and therefore the Petition fails to state a claim upon which relief can be granted against this respondent;

AND IN FURTHER ANSWERING THE PETITION FOR DECLARATORY JUDGMENT, AS A COMPLETE AND SEPARATE DEFENSE, this respondent says that the petitioner has a duty to defend in the action captioned *Sterling Equipment, Inc. v. East Atlantic Construction, Inc.*, Civil Action No. 02-11793 (NG).

WHEREFORE, respondent, Sterling Equipment, Inc., prays, pursuant to the provisions of 28 U.S.C. §§ 2201-2202, that judgment enter in its favor, together with interest, costs, disbursements and reasonable attorneys' fees incurred in this action, declaring the rights and other legal relations of the parties hereto with respect to the matters stated hereinabove, and specifically declaring that:

1. Centennial owes a duty to defend East Atlantic in the case captioned, *Sterling Equipment, Inc. v. East Atlantic Construction, Inc.*, Civil Action No. 02-11793 (NG);

2. All of the alleged damages to the barges SEI 100 and SEI 101 did occur as a result of covered perils;

3. All of the alleged damages to the barges SEI 100 and SEI 101 did occur within the time period the policy was in effect;

4. SEI has a cause of action against Centennial as a loss payee and third-party beneficiary to the underlying contract of marine insurance;

5. SEI has such other and further relief as this Honorable Court may be deemed to be just and proper.

## COUNTERCLAIM

NOW COMES Sterling Equipment, Inc., respondent in the above-captioned action, and by its attorneys, hereby asserts the following claim, as a counterclaim, against petitioner, Centennial Insurance, Company, and alleges as follows:

### The Parties

1. Respondent/plaintiff-in-counterclaim, Sterling Equipment, Inc., (hereinafter referred to as "SEI"), is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 62 Nay Street, East Boston, Massachusetts, 02128.

2. Upon information and belief, petitioner/defendant-in-counterclaim, Centennial Insurance Company (hereinafter referred to as "Centennial"), is a corporation duly organized and maintaining a place of business in Madison, New Jersey.

### Jurisdiction

3. This action is one of which the United States District Court has original jurisdiction under the provisions of 28 U.S.C. § 1333. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

### Factual Allegations

4. At all times material hereto, SEI was engaged in the business of chartering barges and related marine equipment.

5. In March and April of 2000, SEI entered into certain charter agreements with East Atlantic Construction, Inc. of Seaside Park, New Jersey, (hereinafter referred to as "East Atlantic") whereby SEI agreed to bareboat charter two (2) hopper barges or scows known as "SEI 100" and "SEI 101" (hereinafter referred to collectively as "Scows") to East Atlantic for the purpose of transporting dredge spoils from the Fairmount Dam on the Schuylkill River to Fort Mifflin (Philadelphia, Pennsylvania).

6. Pursuant to the terms of the aforesaid charter agreements, East Atlantic agreed to return the Scows to SEI upon termination of the charters in the same good order and sound and seaworthy condition as when delivered by SEI to East Atlantic, ordinary wear and tear excepted.

7. Pursuant to the terms of the aforesaid charter agreements, East Atlantic also assumed all risk of damage and loss if one or both of the Scows sustained damage after delivery and during the term of the charter periods.

8. Pursuant to the terms of the charter agreements, East Atlantic also agreed to procure proper and adequate marine insurance for the benefit of SEI covering the Scows from property damage and third-party liability.

9. On or about March 23, 2000, East Atlantic did in fact obtain a policy of protection and indemnity (marine) insurance from Centennial, bearing policy no. 125 001 445, with an effective date of March 23, 2000, insuring the Scows against certain enumerated risks of loss and damages, and insuring the interests of SEI in the said barges chartered to East Atlantic.

10. On or about May 5, 2000, East Atlantic obtained additional hull (marine) insurance by

       endorsement from Centennial, bearing Endorsement No. 1, with an effective date of April 15, 2000, insuring the Scows against certain enumerated risks of loss and damages, and insuring the interests of SEI in the said barges chartered to East Atlantic.

11. On or about July 13, 2000, Centennial canceled the aforesaid policy of marine insurance for non-payment of premium by East Atlantic.

12. While the aforesaid insurance coverage was in full force and effect, the Scows were damaged while under charter to East Atlantic. Such damages are covered losses under Centennial's policy of marine insurance, as amended.

13. SEI is either an additional insured and/or loss payee and/or a third-party beneficiary entitled to make claim and receive payment from Centennial pursuant to the said policy of marine insurance, as amended, for damage and/or destruction of the Scows, and for related sue and labor expenses incurred by SEI in connection with its efforts to recover and repair, and/or dispose of the said barges.

14. SEI has suffered damages in the amount of Two Hundred Eighty-Seven Thousand Eighty-One Dollars and 56 Cents ($287,081.56), as nearly as can now be estimated, for repair or replacement costs, detention, sue and labor, and other incidental and consequential expenses.

15. SEI has satisfied all conditions precedent to reimbursement under the aforesaid policy of marine insurance, including, but not limited to, timely notice to Centennial.

Causes of Action

Count I - Breach of Contract/Third-Party Beneficiary

16. SEI repeats and re-alleges each and every allegation contained in Paragraphs 1 through 15 of this Counterclaim as if fully re-stated herein, and by this reference, incorporates them herein.

17. SEI was the owner/charterer of the Scows and as such, was the intended third-party beneficiary of East Atlantic's insurance coverage with Centennial.

18. By failing to provide insurance coverage, Centennial has breached, failed, and violated its common law and/or contractual duties and obligations to pay SEI's claims for damages to the Scows.

19. By reason of the foregoing premises, SEI has suffered damages in the amount of Two Hundred Eighty-Seven Thousand Eighty-One Dollars and 56 Cents ($287,081.56), as nearly as can now be estimated, no part of which has been paid by Centennial, although duly demanded.

Count II - Unfair Claims Settlement Practices

20. SEI repeats and re-alleges each and every allegation contained in Paragraphs 1 through 15 of this Counterclaim as if fully re-stated herein, and by this reference, incorporates them herein.

21. Centennial has failed to conduct a fair and independent investigation into the damages sustained by SEI as a result the acts or omissions of East Atlantic and/or other third parties.

22. Centennial's failure to promptly address SEI's claims constitutes bad faith.

23. Centennial's conduct also constitutes an unfair and deceptive act or practice in violation of controlling state law: to wit, N.J.S.A. 17:29B-4(9).

24. By reason of the foregoing premises, SEI has suffered damages for which Centennial is liable.

WHEREFORE, plaintiff-in-counterclaim, Sterling Equipment Inc., demands judgment against defendant-in-counterclaim, Centennial Insurance Company, in the amount of its liquidated damages and unliquidated damages, together with prejudgment interest, costs and expenses, and reasonable attorneys' fees, and for such other and further relief as this Honorable Court deems just and proper.

Dated: February 3, 2005

Respectfully submitted,

STERLING EQUIPMENT, INC.,
By its attorney,
NORMAN A. PELOQUIN, II, P.C.

/s/ Norman A. Peloquin, II
Norman A. Peloquin II
(BBO No. 550872)
Morad Building, 460 County Street
New Bedford, MA 02740-5107
Tel. (508) 991.2300; Fax (508) 991.8300

### Certificate of Service

I hereby certify that on the 3rd of February, 2005, I served a copy of the foregoing document by mailing same, first class, postage prepaid, upon defendant, East Atlantic Construction, Inc., by and through its President, Theodore R. Faxon, Jr., 1436 Bayview Avenue, South Seaside Park, NJ 08752; and the following counsel of record: Seth S. Holbrook, Holbrook & Murphy, 150 Federal Street, 12th Floor, Boston, MA 02110.

/s/ Norman A. Peloquin, II
Attorney at Law